IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VASILE ZVUNCA, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MOTOR COACH INDUSTRIES<br>INTERNATIONAL, INC., et al.,<br><br>　　　　　　Defendants. | No. 08 C 4507<br><br>Judge Harry D. Leinenweber<br>Magistrate Judge Jeffrey Cole |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)**

Defendants, Clancy & Stevens and Jeanine L. Stevens, respectfully submit this memorandum of law in support of their motion for summary judgment pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**I.　　There is No Basis in the Allegations of the Complaint for
　　　　this Court's Exercise of Subject Matter Jurisdiction.**

Plaintiff's state in their Complaint that subject matter jurisdiction in this action is predicated on 28 U.S.C. §1332(a)(2), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between . . . citizens of a State and citizens or subjects of a foreign state." (*See* Complaint ¶ 1.)

The complaint of a plaintiff seeking to invoke a district court's exercise of jurisdiction must contain allegations sufficient for the court to ascertain that its exercise of jurisdiction is proper. *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). The Complaint filed in the present lawsuit fails to satisfy this requirement.

A prerequisite to the exercise of diversity jurisdiction is that there must be "complete diversity," that is, none of the plaintiffs may share citizenship with any of the defendants. *Owen*

12396

*Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978). In order to demonstrate that there is complete diversity, a complaint must contain allegations from which the court may ascertain the citizenship of each of the parties. The Complaint filed in this action fails to do so.

There are three plaintiffs. The Complaint alleges that two are citizens of Romania. As to the third, Cristina Zvunca, the Complaint contains no allegation of citizenship.

Of the seven defendants the Complaint alleges the citizenship of only two:

(i) The Complaint makes no allegation as to the citizenship of Wesley Jay Tatum, F. John Cushing, and Clancy & Stevens.[1]

(ii) The Complaint alleges that each of Motor Coach Industries International, Inc. and Greyhound Lines, Inc. is "a Delaware corporation." For purposes of federal jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Accordingly, to plead the citizenship of a corporation, a plaintiff must allege both its State of incorporation and State of principal place of business. Merely alleging that a corporation is "a Delaware corporation" is insufficient. *See Arber v. United Parcel Service, Inc.*, 1992 U.S. Dist. LEXIS 17899, *2 (N.D. Ill. Nov. 17, 1992).

(iii) The Complaint alleges that Jeanine L. Stevens and Marina E. Ammendola are citizens of the State of Illinois.

Because of the plaintiffs' failure to set forth in the Complaint allegations establishing subject matter jurisdiction, this action should be dismissed. *See Guaranty National Title Co. v.*

---

[1] The Complaint also fails to allege the form of organization of Clancy & Stevens, a necessary prerequisite to determining its citizenship.

12396

*J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996) ("When the parties allege residence but not citizenship, the court must dismiss the suit."); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (same).

II.  **This Court Lacks Subject Matter Over this Action Because the Requirement of Complete Diversity is not Satisfied.**

One of the plaintiffs in this action, Cristina Zvunca, is an alien who has been admitted to the United States for permanent residence. (Stevens Dec. ¶¶ 5-7.)[2] She is domiciled in Illinois. (Stevens Dec. ¶ 8.)[3] For purposes of Section 1332, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a). Accordingly, Cristina Zvunca is deemed a citizen of the State of Illinois.

Two of the defendants, Jeanine L. Stevens and Marina E. Ammendola, are alleged in the Complaint to be citizens of the State of Illinois. (Complaint ¶¶ 6 and 7.)[4]

Because one of the plaintiffs and two of the defendants are Illinois citizens, the requirement of complete diversity is not satisfied. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978). "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). *See also Gen. Tech Applications, Inc. v. General Technology Applications, Inc.*, 388 F.3d 114, 120 (4th Cir. 2004) (where plaintiffs were an alien corporation and a corporation that was both an alien and a

---

[2] The Declaration of Jeanine L. Stevens is appended as Exhibit A. The Court may consider affidavits and other evidentiary materials in resolving a Rule 12(b)(1) motion to dismiss. *Kontos v. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). Where the factual basis for subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of establishing that the jurisdictional requirements have been met and must support its jurisdictional allegations with competent proof. *Id.*

[3] For purposes of diversity jurisdiction, citizenship is determined by a party's domicile. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (same).

citizen of Virginia and the defendants were Virginia citizens, the court lacked subject matter jurisdiction because "Virginia's presence on both sides of the controversy destroys diversity"); *Agapov v. Negoddaeva*, 93 F. Supp. 2d 481 (S.D.N.Y. 2000) (where plaintiff was an alien permanent resident domiciled in New York, diversity jurisdiction would not lie where one of the defendants was a New York citizen).

WHEREFORE, Clancy & Stevens and Jeanine L. Stevens request that this Court enter an order dismissing this action.

                                      Respectfully submitted,

                                      CLANCY & STEVENS and
                                      JEANINE L. STEVENS

                                      By:  /s/ *David A. Eide*
                                            One of Its Attorneys

Warren Lupel (#1708872)
David A. Eide (#6199184)
Lupel Weininger LLP
30 North LaSalle Street, Suite 3520
Chicago, Illinois 60602
(312) 260-7700

Dated: August 15, 2008

---

[4] As set forth in the Declaration of Jeanine Stevens, Ms. Stevens is indeed an Illinois citizen. (Stevens Dec. ¶ 3.)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VASILE ZVUNCA et al., <br><br> Plaintiffs, <br><br> v. <br><br> MOTOR COACH INDUSTRIES INTERNATIONAL, INC., <br><br> Defendants. | No. 08 C 4507 <br><br> Judge Harry D. Leinenwebber <br> Magistrate Judge Jeffrey Cole |

### DECLARATION OF JEANINE L. STEVENS

I, Jeanine L. Stevens, state as follows:

1. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness, I could testify to these matters.

2. I am one of the defendants named in the above-captioned lawsuit.

3. I am a United States citizen and am domiciled in the State of Illinois.

4. Cristina Zvunca, one of the plaintiffs in the above-captioned lawsuit, is a citizen of Romania.

5. Cristina Zvunca has been admitted to the United States for permanent residence.

6. Attached to this Declaration as Exhibit 1 is an accurate copy of a September 25, 2003 letter from the Consul of the United States Embassy in Romania, attesting that Cristina Zvunca is a lawful resident alien of the United States, holding Alien Registration Receipt Card No. A047-546-727.

EXHIBIT A

12432

7. Attached to this Declaration as Exhibit 2 is an accurate copy of a written response from the Chicago office of the Department of Homeland Security reflecting that Cristina Zvunca is a lawful permanent resident of the United States.

8. Cristina Zvunca is domiciled in the State of Illinois.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 15, 2008.

*Jeanine L. Stevens*



*Embassy of the United States of America*

Bucharest, Romania
September 25, 2003

The Transportation Company
and
The Supervisory Immigrant Inspector
U.S. Department of Homeland Security at Port of Entry

Sirs:

Based on secondary evidence presented, as listed below, the Embassy has determined that. **Cristina Larisa ZVUNCA, born on April 12, 1994 at Sighisoara, Romania, is a lawful resident alien of the United States of America, who holds the Alien Registration Receipt Card No. A047-546-727.**

An airline may accept this letter as assurance that the above-named alien may be transported to the United States before October 10, 2003 without danger of penalty imposed by section 273 (b) of the Immigration and Nationality Act, as amended.

The above-named person has been instructed to present the original of this letter to the transportation company on which travel to the United States is intended. The immigration officer will determine whether to admit the alien or to defer inspection for further inquiry by the Immigration and Naturalization Service office with jurisdiction for the alien's place of residence.

Very truly yours,

James P. Theis
Consul

Photograph (attached on duplicate copy only)

Secondary evidence presented:    Valid Romanian Passport P-07961130 issued on
September 23, 2003 valid until September 23, 2008
Copy of old passport with adit stamp showing the alien number.
Interview with the consular officer.

**EXHIBIT 1**

000044

**DEPARTMENT OF HOMELAND SECURITY**
BUREAU OF CITIZENSHIP & IMMIGRATION SERVICES
10 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60604

A# 47546727

RE: Christina L. Zvunca.

Dear Requestor:

In reply to your recent request, the following information is furnished from the records of this service.

Name of Subject: Christina L. Zvunca
Date of Birth: 4-12-94
Place of Birth: Romania

**Lawful Permanent Resident**
Port/Place of Entry: Chicago
Date of Entry: 7-31-01

The above information was searched from the document indicated below:

( ) PETITION FOR NATURALIZATION
(X) CIS/ALEIN FILE
( ) OTHER: _____

IMMIGRATION
INFORMATION
OFFICER

_____
SIGNATURE

— Applicant's current L.P.R. status is that of DV3, as per our C.I.S. info. system. Her I-551 card is currently pending @ the S.S.C. in Texas.

EXHIBIT 2