IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VASILE ZVUNCA and MARIA ZVUNCA, Individually and as Parents and Next Friend of a Minor, CRISTINA ZVUNCA, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) ) | No. 08 C 4507 Judge Harry D, Leinenweber Magistrate Jeffrey Cole |
| MOTOR COACH INDUSTRIES INTERNATIONAL, INC., a Delaware corporation, GREYHOUND LINES, INC., a Delaware corporation, WESLEY JAY TATUM, CLANCY & STEVENS, an Organization for the Practice of Law organized under Illinois law, JEANINE L. STEVENS, MARINA E. AMMENDOLA, and F. JOHN CUSHING, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

NOW COME the Plaintiffs, VASILE ZVUNCA and MARIA ZVUNCA, Individually and as Parents and Next Friend of a Minor, CRISTINA ZVUNCA, through their attorneys, DAVID A. NOVOSELSKY, JAMES J. AYRES, and NOVOSELSKY LAW OFFICES, and for their motion for leave to file an amended complaint state as follows:

On August 8, 2008, Plaintiffs filed their diversity complaint in this case. This Complaint inadvertently identified a minor, Cristina Zvunca, as a party plaintiff, when the right to bring suit in the name of a minor belongs to the minor's parents under Illinois law. *See* 755 ILCS 5/11-13(d). In this case Cristina's parents are Plaintiffs Vasile and Maria Zvunca, and they are bringing this suit both in their own name for their own injuries as well as on Cristina's behalf for Cristina's individual damages.

1

The Complaint also inadvertently did not contain the citizenship and domicile allegations for each of the parties necessary to demonstrate this Court's subject matter jurisdiction over this case. The Complaint alleges that Vasile and Maria Zvunca are Cristina's adoptive parents, and that Vasile and Maria are citizens of Romania who are domiciled in Romania. Under Federal and Illinois law, the domicile of a minor is the domicile of the minor's parents, not, as Ms. Stevens claims, that of the child. *See **Mississippi Band of Choctaw Indians v Holyfield**, 490 U.S. 30, 48 (1989) ("since most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents"); In Re Adoption of S.S.*, 167 Ill. 2d 250, 260, 657 N.E.2d 935 (1995)  (plurality opinion) ("because most minors are legally incapable of forming the requisite intent to establish a domicile, however, their domicile is usually determined by that of their parents"). *People ex rel. Noonan v Wingate*, 376 Ill. 244, 249, 33 N.E.2d 467 (1941) ("on the death of both parents, the domicile of the child continued to be, during its minority, that of its last surviving parent.  A child could not, of its own volition, change its domicile"). Cristina Zvunca thus is domiciled in Romania where her parents and this child now reside.

Plaintiffs therefore seek leave to file an amended complaint that will eliminate the inadvertent reference to Cristina Zvunca as a party plaintiff and which contains the citizenship and domicile allegations for all of the properly named plaintiffs and defendants. Federal Rule of Civil Procedure 15(a)(1)(A) states a pleading can be amended once as a matter of course before the service of a responsive pleading. No responsive pleading has been served on Plaintiff in this case. In *Leaf v Wisconsin Supreme Court*, 979 F.2d 589, 595 (7th Cir. 1992), the court stated "while a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." Also,

Federal Rule of Civil Procedure 15(a)(2) states "the court should freely give leave when justice so requires." Based upon this authority, Plaintiffs ask for leave to file an amended complaint, which is attached as an exhibit to this motion.

WHEREFORE, for the foregoing reasons, Plaintiffs VASILE ZVUNCA and MARIA ZVUNCA, Individually and as Parents and Next Friend of a Minor, CRISTINA ZVUNCA, ask for leave of court to file an amended complaint.

Respectfully submitted,


By:/s/ *David A. Novoselsky*
David A. Novoselsky


David A. Novoselsky (ARDC #02069881)
James J. Ayres (ARDC #6186604)
NOVOSELSKY LAW OFFICES
120 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 346-8930

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VASILE ZVUNCA and MARIA ZVUNCA,　　)
Individually and as Parents and Next Friend of a　)
Minor, CRISTINA ZVUNCA,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　　　)　No. 08 C 4507
　　　　　　　　　　　　　　　　　)　Judge Harry D, Leinenweber
　　　　　　　　　　　　　　　　　)　Magistrate Jeffrey Cole
　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
MOTOR COACH INDUSTRIES　　　　　)
INTERNATIONAL, INC., a Delaware　　　)
corporation, GREYHOUND LINES, INC., a　)
Delaware corporation, WESLEY JAY TATUM,　)
CLANCY & STEVENS, an Organization for the　)
Practice of Law organized under Illinois law,　)
JEANINE L. STEVENS, MARINA E.　　　)
AMMENDOLA, and F. JOHN CUSHING,　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　)

## AMENDED COMPLAINT

NOW COME Plaintiffs, VASILE ZVUNCA and MARIA ZVUNCA, Individually and as Parents and Next Friend of a Minor, CRISTINA ZVUNCA, through their attorneys, DAVID A. NOVOSELSKY and NOVOSELSKY LAW OFFICES, and for their Amended Complaint against Defendants, MOTOR COACH INDUSTRIES INTERNATIONAL, INC., a Delaware corporation, GREYHOUND LINES, INC., a Delaware corporation, WESLEY JAY TATUM, an Alabama citizen domiciled in Alabama, CLANCY & STEVENS, an Organization for the Practice of Law organized under Illinois law, and JEANINE L. STEVENS, MARINA E. AMMENDOLA, and F. JOHN CUSHING, all Illinois citizens and all domiciled in Illinois, state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C., Section 1332(a)(2) as this is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens who are subjects of a foreign State.

2.      Venue is proper under 28 U.S.C. Section 1391(b), where the events giving rise to the claims asserted herein occurred with this District or where most of the parties are domiciled in this District

## PARTIES

1.      Plaintiffs, Vasile Zvunca and Maria Zvunca ("Mr. and Mrs. Zvunca"), are citizens of and reside in and are domiciled in the Foreign Country of Romania.  Mr. and Mrs. Zvunca are the adoptive parents of a Minor, CRISTINA LARISA ZVUNCA, the daughter of their late daughter, CLAUDIA ZVUNCA.  CRISTINA ZVUNCA is a Minor currently aged 14, who now resides with and is domiciled in the foreign country of Romania.  (See attached Birth Certificate/Adoption Certificate attached as Exhibit "A" to this Complaint.)

2.      Defendant MOTOR COACH INDUSTRIES INTERNATIONAL, INC. ("MCI") is a Delaware corporation, with its principal place of business in Illinois and therefore a resident of and domiciled in Illinois which is currently a party in a lawsuit pending before the Circuit Court of Cook County involving matters related to the injuries sustained by the Plaintiffs in this case.

3.      Defendant GREYHOUND LINES INC. ("Greyhound") is a Delaware corporation with its principal place of business in the State of Texas and therefore a resident of

and domiciled in Texas which is currently a party in a lawsuit pending before the Circuit Court of Cook County involving matters related to the injuries sustained by the Plaintiffs in this case.

4.    Defendant WESLEY JAY TATUM ("Tatum") was, at all times relevant hereto, an individual employee of Greyhound, and currently is a citizen and resident of and domiciled in the State of Alabama.

5.    Defendant CLANCY & STEVENS is an organization organized for and registered in the State of Illinois and is a resident and domiciliary of Illinois, and is the law firm that previously had been retained by Plaintiffs to represent their interests and those of the Minor but was subsequently discharged.

6.    Defendant JEANINE L. STEVENS ("Stevens") is a citizen of Illinois and domiciled in Illinois and an attorney licensed to practice law before the Supreme Court of the State of Illinois. STEVENS previously had been retained by Plaintiffs to represent their interests and those of the Minor but was subsequently discharged.

7.    Defendant MARINA E. AMMENDOLA ("Ammendola") is a citizen of Illinois and domiciled in Illinois, and an attorney licensed to practice law before the Supreme Court of the State of Illinois and who, although nominally appointed to act as a Guardian by the Court, has purported to act as the "attorney" for the Minor and as the "plaintiff" on behalf of said Minor.

8.    Defendant F. JOHN CUSHING ("Cushing") is a citizen of Illinois and domiciled in Illinois and was appointed as an Administrator at the request of the other attorney defendants. Subsequent to the discharge of Defendants CLANCY & STEVENS and Stevens, Cushing, acting as an agent of those other Defendants and as required by Illinois law by virtue of his prior appointment as well as his status as an attorney, was obliged to withdraw from

acting in any capacity whatsoever on behalf of Plaintiffs and barred from acting contrary to their interests.

## NATURE OF THE CASE

1.    The underlying cause of action arose from injuries sustained in January of 2002 near a Greyhound Bus Terminal in Grand Junction, Colorado.  Plaintiffs' late daughter, Claudia Zvunca, and her child, Cristina Zvunca, were reboarding a bus owned by Defendant Greyhound, designed and manufactured by Defendant MCI, and driven by Defendant Tatum.

2.    At this juncture, the bus began to move while Claudia and Cristina Zvunca were attempting to reboard, and then ran over and partially crushed Claudia Zvunca.  Cristina Zvunca, in immediate proximity to her late mother, was pushed out of the way of the oncoming rear wheels of the bus by her mother only an instant before those wheels ran over and fatally crushed Claudia Zvunca.

3.    Suit was filed against Defendants MCI and Greyhound, as well as Greyhound's driver, Tatum, in the Circuit Court of Cook County.  Plaintiffs initially retained one law firm to represent their interests and those of their late daughter, and subsequently retained Defendant Clancy & Stevens, with the primary attorney handling the matter being Defendant Stevens.

4.    Defendant Stevens, fraudulently explaining to Plaintiffs that they were not permitted to act as or select another family member who had a lawful right to be the Administrator fraudulently induced Plaintiffs to accept Defendant Cushing as the independent Administrator of the Estate of their late daughter, Claudia Zvunca.

5.    Plaintiffs subsequently discharged Clancy & Stevens and Stevens, as was their unfettered right under Illinois law.  These Defendants declined to accept that dismissal, asserting that they could only be discharged by Mr. Cushing, who they claimed had

subsequently retained their services despite the strictures imposed by Illinois law which precluded that retention or their insistence that they had some form of ownership interest or "right" to retain the representation of the Estate and the interests of these Plaintiffs in this lawsuit.

6.　　Without the consent of Plaintiffs, and filing a purported "Emergency Petition," Stevens persuaded the Circuit Court to appoint Defendant Ammendola, a long-standing business associate of hers, to act as the Guardian *ad Litem*. Subsequent to that time, and without any order authorizing her to do so, Defendant Ammendola took upon herself the role of both the attorney for Cristina Zvunca as well as designating herself as the Plaintiff using the name of Cristina Zvunca and purporting to act in that fashion.

7.　　The Defendants have now agreed to meet to discuss settlement and compromise of Plaintiffs' cause of action despite the fact that the Circuit Court of Cook County has already approved the retention and appointment of another attorney to represent the interests of Cristina Zvunca and, further, despite the fact that under Illinois law, the right to control and compromise a cause of action on behalf of Cristina Zvunca must be left to the parents and next friend rather than a self-appointed "plaintiff" or purported attorney.

## COUNT I

### (Negligent Infliction of Emotional Distress - MCI)

1.　　Prior to, on, and after January 15, 2002, MCI was a corporation organized in Delaware with its principal place of business in Cook County, Illinois. MCI was and is engaged in the manufacture and sale of passenger buses.

2.　　MCI designed and/or manufactured a passenger bus which was sold and/or distributed to Defendant Greyhound.

3.    On January 15, 2002, that bus was being operated by Greyhound and its atgent and employee, Defendant Tatum.

4.    On January 15, 2002, Mr. and Mrs. Zvunca's daughter, Claudia Zvunca, along with her minor daughter, Cristina Zvunca (now Mr. and Mrs. Zvunca's daughter) were attempting to reboard the bus operated by Tatum.

5.    At all times relevant, it was the duty of MCI to exercise ordinary care in the design, manufacture and sale of its products, including the bus.

6.    At all times relevant, and when it designed, manufactured, and sold this bus, MCI breached its duty of care and was negligent in one or more of the following respects:

    a.    Designed, manufactured, and sold the bus with a kneeler system which allowed the bus to be driven forward while the kneeler system was in the process of raising or lowering the front of the bus;

    b.    Designed, manufactured, and sold the bus with a kneeler system that caused excessive noise during its operation so as to prevent the bus driver from hearing anyone attempting to gain their attention or indicate their proximity to the driver;

    c.    Failed to adequately warn owners and operators of the bus of the dangers of driving the bus while the kneeler system was in operation; and

    d.    Designed, manufactured, and sold the bus with side view mirrors mounted so as to create one or more blind spots that prevented the driver from seeing persons who were outside and alongside the bus while it was moving.

7.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions by MCI, Claudia Zvunca was struck and killed by the bus owned by Greyhound, operated by Tatum, and designed, built, and sold by MCI.

8.    Cristina Zvunca, a minor who date of birth is April 12, 1994, was the natural child of Claudia Zvunca, and was lawfully adopted by Plaintiffs, Vasile and Maria Zvunca.

9.      Cristina Zvunca was holding Claudia Zvunca's hand when they attempted to reboard the bus and was not only therefore in the zone of danger, but was herself placed physically at risk of death, and would have died but for the last act of her mother, who took her out of the path of the bus' rear wheels.

10.     As a direct and proximate result of being in the zone of danger, Cristina Zvunca was at risk of being injured, and did in fact suffer physical injuries and severe emotional and psychological injuries, pain, suffering, and anguish as a result of being in the zone of danger and observing her mother being struck and run over by the bus, and observing her mother in pain, and observing her mother die.

11.     As a minor, Cristina may not bring suit herself but may do so by her parents and next friends, VASILE and MARIA ZVUNCA and hereby does so before this Court for these injuries.

WHEREFORE, Plaintiffs, VASILE ZVUNCA and MARIA ZVUNCA, as parents and next friend of CRISTINA ZVUNCA, a minor, seeks judgment against Defendants MCI and in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT II

### (Negligent Infliction of Emotional Distress – Greyhound and Tatum)

1.      On January 15, 2002, Defendant Greyhound was a Delaware corporation engaged in the business of passengers for hire as a common carrier throughout the United States, including Cook County, Illinois.

2.      On January 15, 2002, and at all times relevant hereto, Defendant Tatum was an agent and employee of Greyhound and was acting within the course and scope of his employment.

3.     On January 15, 2002, Defendant Greyhound owned, operated, managed, maintained, and controlled a bus terminal at or near Fifth Avenue and Ute Avenue in Grand Junction, Colorado.

4.     On January 15, 2002, Claudia Zvunca and her minor daughter, Cristina, were passengers on a bus owned by Greyhound and operated by Greyhound and its agent and employee Tatum, and Chicago, Illinois was their final destination.

5.     On January 15, 2002, in or near the Greyhound bus terminal in Grand Junction, Colorado, Claudia and her minor daughter Cristina were attempting to reboard the bus operated by Tatum.

6.     On January 15, 2002, and at all times relevant, Greyhound individually and by its authorized agent and employee, Tatum, and Tatum, individually, had a duty as a common carrier to exercise the highest degree of care with regard to their passengers, including Claudia and Cristina.

7.     On January 15, 2002, in or near the Greyhound Terminal in Grand Junction, Colorado, Greyhound individually and by its agent and employee, Tatum, and Tatum individually, were negligent in one or more of the following respects:

    a.     Struck Claudia Zvunca with the bus;

    b.     Failed to stop the bus when Tatum heard or should have heard Claudia yelling and pounding on the side of the bus to gain his attention;

    c.     Failed to properly and timely advise passengers, including Claudia, of Tatum's intention to turn the us around and that it was not necessary for passengers, including Claudia and Cristina, to board the bus at the time Claudia attempted to gain the attention of Tatum by pounding on the bus and/or yelling to the drive to stop the bus;

d.    Proceeded at a speed which was greater than reasonable and necessary with regard to traffic conditions or which endangered the safety of persons or property;

e.    Failed to give audible warning with the bus horn when such warning was reasonably necessary to insure safety;

f.    Operated the bus without keeping a proper lookout; and

g.    Failed to request assistance from a Greyhound bus terminal employee when turning the bus when Greyhound and Tatum knew or should have known there were dangerous blind spots on the right side of the bus that prevented a driver from seeing passengers outside and alongside the bus.

8.    As a direct and proximate result of one or more of the negligent acts and/or omissions of Defendant Greyhound individually and by its authorized agent and employee Tatum, and Defendant Tatum, individually, Claudia Zvunca was struck and run over by the bus and suffered personal injuries that resulted in her death on January 15, 2002.

9.    Cristina Zvunca, a minor who date of birth is April 12, 1994, was the natural child of Claudia Zvunca, and was lawfully adopted by Plaintiffs, Vasile and Maria Zvunca.

10.    Cristina Zvunca was holding Claudia Zvunca's hand when they attempted to reboard the bus and was not only therefore in the zone of danger, but was herself placed physically at risk of death, and would have died but for the last act of her mother, who took her out of the path of the bus' rear wheels.

11.    As a direct and proximate result of being in the zone of danger, Cristina Zvunca was at risk of being injured, and did in fact suffer physical injuries and severe emotional and psychological injuries, pain, suffering, and anguish as a result of being in the zone of danger and observing her mother being struck and run over by the bus, and observing her mother in pain, and observing her mother die.

12.     As a minor, Cristina may not bring suit herself but may do so by her parents and next friends, VASILE and MARIA ZVUNCA and hereby does so before this Court for these injuries.

WHEREFORE, Plaintiffs, VASILE ZVUNCA and MARIA ZVUNCA, as parents and next friend of CRISTINA ZVUNCA, a minor, seek judgment against Defendants Greyhound and Tatum in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT III

### (Fraud - Clancy & Stevens, Stevens, Ammendola, and Cushing)

1.     At all times relevant to these proceedings, Defendants Clancy & Stevens, Stevens, Ammendola, and Cushing, owed a duty of fiduciary care and obligation to the Plaintiffs, having previously been retained by Plaintiffs to represent their own interests as well as that of the minor Cristina Zvunca in their capacity as attorneys licensed to practice law in the State of Illinois and through appointment of Defendants Ammendola and Cushing at the request of Defendants Clancy & Stevens and Stevens and thereby as the agents of, as well as independently liable to Plaintiffs.

2.     Plaintiffs subsequently discharged these Defendants, as was their right as a client under Illinois law, which guarantees the right of any client to discharge an attorney and/or the agents working for those attorneys with or without cause and without any restriction whatsoever.

3.     These Defendants, disregarding their obligations, took upon themselves not only to defy their discharge but to claim that they were in fact now the Plaintiffs in place of the actual Plaintiffs, entitled to carry on the underlying lawsuit, and permitted to compromise the interests of the minor and these Plaintiffs when, under Illinois law, that right did not belong to them nor

could it be exercised under Illinois law or under the Illinois Rules of Professional Conduct. As a result of the above, Plaintiffs have suffered damages by being forced to expend their own monies and have spent a great deal of time and effort attempting to protect their rights as well as the right of the minor, Cristina Zvunca, from the fraudulent activities of these Defendants, which exist in one or more of the following respects:

    a.    Defendants have held themselves out as either direct parties in the underlying lawsuit or as authorized to control and negotiate a settlement or compromise of that lawsuit without the consent of Plaintiffs and contrary to their lawful interests;

    b.    Defendants have made statements ostensibly in support of Plaintiffs' cause of action which are false and perjured, and have been set out not for the purpose of protecting the rights of Plaintiffs but for their own personal gain, again in derogation of Illinois law;

    c.    Defendants have taken active steps against their former clients in violation of Illinois law generally, as well as Illinois Rule of Professional Conduct 1.9 which precludes an attorney from taking any action which is contrary to the interests of or directions of a former client by continuing with the litigation while excluding Plaintiffs from any control or consent, providing false and perjured testimony regarding damages, disclosing privileged and protected medical, school, and psychiatric information relating to the minor, Cristina, while acknowledging that the Law of the State of Illinois as well as the Law of the United States precludes such disclosure without the consent of the minor; and

    d.    Defendants have attempted to settle and compromise the minor's cause of action without her consent or the consent of her parents, who are the only parties lawfully empowered to do so under Illinois law, and have taken steps to exclude the attorney retained and approved by the Illinois courts from participation in any of the so-called proceedings, including but not limited to his efforts to protect ongoing and unauthorized disclosure of Cristina Zvunca's school, medical, and psychological records.

    E.    As a minor, Cristina may not bring suit herself but may do so by her parents and next friends, VASILE and MARIA ZVUNCA and hereby does so before this Court for these injuries.

WHEREFORE, Plaintiffs, VASILE ZVUNCA and MARIA ZVUNCA, individually and as Parents and Next Friend of a Minor, CRISTINA ZVUNCA seek judgment against Defendants, Clancy & Stevens, Stevens, Ammendola, and Cushing, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT IV

### (Malpractice - Clancy & Stevens, Stevens, Ammendola, and Cushing)

1.     At all times relevant to these proceedings, Defendants Clancy & Stevens, Stevens, Ammendola, and Cushing, owed a duty of fiduciary care and obligation to the Plaintiffs, having previously been retained by Plaintiffs to represent their own interests as well as that of the minor, Cristina Zvunca in their capacity as attorneys licensed to practice law in the State of Illinois and through appointment of Defendants Ammendola and Cushing at the request of Defendants Clancy & Stevens and Stevens and thereby as the agents of, as well as independently liable to Plaintiffs.

2.     Plaintiffs subsequently discharged these Defendants, as was their right as a client under Illinois law, which guarantees the right of any client to discharge an attorney and/or the agents working for those attorneys with or without cause and without any restriction whatsoever.

3.     These Defendants, as attorneys licensed to practice law in the State of Illinois, had an obligation to their clients to abide by their wishes, and to settle and compromise this cause of action only as directed and permitted by the clients.  In violation of their obligations to conduct their practice consistent with the standard of care of other attorneys practicing in the Circuit Court of Cook County, Illinois, these Defendants were required to do one or more of the following:

    a.     Accept their discharge and permit their clients to retain other counsel and cooperate in the transition;

    b.     Make available upon demand their file to the new attorney in order to facilitate an orderly transfer of the litigation;

    c.     Refrain from taking any action or conduct themselves contrary to the best interests of or express wishes of their former clients; and

    d.     Act at all times to protect the interests of their former clients.

4.     In derogation of these obligations and in derogations of the standard of care applicable to attorneys similarly situated to Defendants, Defendants breached that standard of care by refusing to do one or more of the following acts:

    a.     Withdraw upon request;

    b.     Refrain from acting contrary to the best interests and instructions of their former clients; and

    c.     Refrain from containing to act as if they had authority to control and dispose of the cause of action properly belonging to their former clients.

5.     As a result of one or more of the foregoing acts and omissions, Plaintiffs have been damaged and have suffered a loss or hindrance of their rights to recover for the injuries sustained in the facts described previously in this Complaint.

6.     As a minor, Cristina may not bring suit herself but may do so by her parents and next friends, VASILE and MARIA ZVUNCA and hereby does so before this Court for these injuries.

      WHEREFORE, Plaintiffs, VASILE ZVUNCA and MARIA ZVUNCA, individually and as Parents and Next Friend of a Minor, CRISTINA ZVUNCA seek judgment against Defendants, Clancy & Stevens, Stevens, Ammendola, and Cushing, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT V

### (Intentional Infliction of Emotional Distress and Physical Harm – Defendant Stevens)

1.      During the course of her representation of these Plaintiffs, Defendant Stevens entered into a contract with Mr. and Mrs. Zvunca which fraudulently induced them to give temporary custody of the Minor, Cristina Zvunca, to Ms. Stevens, and permitted Ms. Stevens to have the child reside with her.

2.      Under Illinois law, this contract was and is presumptively fraudulent and invalid as it involved a transaction between an attorney and her clients for the benefit of the attorney and without adequate disclosure to the clients, as well as based on fraudulent statements that it was "necessary" for the best interests of the lawsuit for the parents to give up the custody of this child and give her into the custody of the attorney.

3.      During the course of what became an extended period of custody and control of the minor by Ms. Stevens, Ms. Stevens was physically and emotionally abusive to the child, treated her harshly, abandoned her for long periods of times, and treated her with physical disdain by providing her with inadequate and improper food and a complete and utter lack of care.

4.      As a result of this virtually kidnapping, and explicit and intentional emotional and physical abuse of the child, Cristina Zvunca has suffered great emotional distress and has been permanently damaged by her experience under the control and custody of Ms. Stevens.

WHEREFORE, Plaintiffs, VASILE ZVUNCA and MARIA ZVUNCA, individually and as Parents and Next Friend of a Minor, CRISTINA ZVUNCA seek judgment against Defendant Stevens in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

Plaintiff further requests the imposition of punitive or exemplary damages in excess of Two Millions Dollars ($2,000,000.00).

## COUNT VI

### (Aiding and Abetting an Unlawful Act - Defendant Ammendola)

1.      Defendant Ammendola, at the request of Defendant Stevens, and in derogation of and contrary to Illinois law, was appointed as the Guardian *ad Litem* by the Circuit Court of Cook County despite the strictures of the Probate Act which preclude appointment of an individual who is adverse to the proposed Ward or by the attorney who proposes the appointment of a guardian while adverse or potentially adverse to the interests of the Ward or her lawful guardians.

2.      Following that appointment, and without any lawful authority, Defendant Ammendola aided and assisted Defendant Stevens in obtaining custody of the minor, Cristina Zvunca, and further falsely misled court inquiries as to the nature of the custody and even the person of the custodian, commenting that she had "approved of the placement" when said placement was actively concealed from the Illinois courts and while Ms. Ammendola took an active role in attempting to persuade the Plaintiffs that they could not discharge Ms. Stevens or otherwise regain custody of their own child.

3.      These efforts, which have not been repudiated by Ms. Ammendola, were done in an effort to assist her friend and former business partner to maintain custody of a child and, further, to assist Ms. Stevens in perjuring herself when describing a loving and nurturing environment for the purpose of enhancing her own fees while Ms. Ammendola knew that this was false and that the child was being actively neglected and abused by Ms. Stevens.

4.      This conduct by Ms. Ammendola constitutes aiding and abetting an unlawful act under Illinois law and makes Ms. Ammendola liable for the injuries sustained by the child as described in the preceding Count and adopted in its entirety herein.

WHEREFORE, Plaintiffs, VASILE ZVUNCA and MARIA ZVUNCA, individually and as Parents and Next Friend of a Minor, CRISTINA ZVUNCA seek judgment against Defendant Ammendola in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00). Plaintiff further requests the imposition of punitive or exemplary damages in excess of Two Millions Dollars ($2,000,000.00).

## COUNT VII

### (Aiding and Abetting an Unlawful Act - Defendant Cushing)

1.      Defendant Cushing was designated as an Administrator of the Estate of the late Claudia Zvunca when the consent to that appointment was illegally and improperly obtained by Defendant Stevens.

2.      Defendant Cushing was aware of this fact at the time of his appointment and, further, at the time of Ms. Stevens' discharge, Cushing was aware that he was lawfully not permitted to remain in the case, "hire" Stevens prior to her discharge, and otherwise agree to assist Stevens in maintaining her purported proprietary interest in a lawsuit following her lawful discharge under Illinois law.

3.      This conduct by Cushing constitutes aiding and abetting an unlawful act under Illinois law and makes Cushing for the injuries sustained by the child as described in the preceding Count and adopted in its entirety herein.

WHEREFORE, Plaintiffs, VASILE ZVUNCA and MARIA ZVUNCA, individually and as Parents and Next Friend of a Minor, CRISTINA ZVUNCA seek judgment

against Defendant Cushing in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00). Plaintiff further requests the imposition of punitive or exemplary damages in excess of Two Millions Dollars ($2,000,000.00).

## COUNT VIII

### (Aiding and Abetting - Defendants MCI and Greyhound)

1.     Defendant MCI and Greyhound, having been advised of the discharge of Defendants Clancy & Stevens, Stevens, Ammendola, and Cushing, have agreed to meet with and attempt to discuss and negotiate settlements or a compromise of the cause of action which lawfully belongs to the Plaintiffs and to the Minor with the other Defendants in an effort to deprive Plaintiffs and the Minor of their lawful cause of action and recovery for damages.

2.     Demand has been made upon these Defendants to cease and desist in their efforts to negotiate or "settle" a cause of action which is being improperly maintained or converted by the other Defendants.

3.     As a result of these acts, these Defendants are guilty of aiding and abetting the other named Defendants in the active commission of a fraud and, under Illinois law, are liable for the injuries and damages sustained or that may be sustained by the furtherance of this conduct by these other Defendants.

WHEREFORE, Plaintiffs, VASILE ZVUNCA and MARIA ZVUNCA, individually and as Parents and Next Friend of a Minor, CRISTINA ZVUNCA seek judgment against Defendants MCI and GREYHOUND in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT IX

### (Injunctive Relief - All Defendants)

1.     Plaintiffs readopt and reallege all of the foregoing paragraphs and allegations in this Complaint as if fully stated herein.

2.     These Defendants, who are attempting to settle and compromise a cause of action belonging to the Plaintiffs and which they are not authorized to compromise or dispose of, are violating, under color of State law, the rights and protections guaranteed to Plaintiffs while present with the United States (as they were at all times relevant herein) pursuant to 42 U.S.C. Section 1983, which permits this Court to grant injunctive relief for any person who is either a citizen of the United States or "any person with the jurisdiction thereof."

3.     Plaintiffs are entitled to injunctive relief as well as compensatory relief under Section 1983 where this conduct and effort to settle or compromise this cause of action without lawful authority is being carried out under color of Illinois law and under the auspices of a supposed proceeding by these individuals before a court, and is not subject to the bar of the Anti-Injunction Act as provisions of subparagraph (f) of that Act permits parties to be enjoined in State Court proceedings as a recognized exception relating specifically to Section 1983.

WHEREFORE, it is respectfully requested that this Honorable Court not only award compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against each Defendant, but enjoin said Defendants from proceeding any further in any efforts to compromise or extinguish the rights to address the injuries of this Minor or these Plaintiffs without the knowledge and consent of the Minor's parents and their consent as the lawsuit guardians and protectors of this child.

## COUNT X

### (Loss of Society by Plaintiffs Vasile Zvunca and Maria Zvunca Against certain Defendants)

1.    Plaintiffs readopt and reallege all of the foregoing paragraphs and allegations in this Complaint as if fully stated herein.

2.    At all times relevant hereto, Plaintiffs VASILE ZVUNCA and MARIA ZVUNCA suffered injury by the loss of society of CRISTINA ZVUNCA as a result of the direct interference set forth above by Defendants with the parent-child relationship of the Plaintiffs and CRISTINA ZVUNCA.

3.    Illinois law recognizes that a compensable injury occurs to Plaintiff s through the loss of child society resulting from the direct interference by the Defendants with the Plaintiffs' relationship. (*Person v. Behnke,* 242 Ill. App 3rd 933, 4th Dist. (1993).

WHEREFORE, it is respectfully requested that this Honorable Court award compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) against each Defendants JEANINE L. STEVENS, MARINA E. AMMENDOLA, and CLANCY & STEVENS, plus exemplary damages in excess of two million dollars ($2,000,000.00).

Respectfully submitted,

VASILE ZVUNCA, MARIA ZVUNCA, and CRISTINA ZVUNCA

By:/s/ *David A. Novoselsky*
David A. Novoselsky

David A. Novoselsky (ARDC #02069881)
James J. Ayres (ARDC #6186604)

NOVOSELSKY LAW OFFICES
120 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 346-8930

ROUMANIE     ROMÂNIA     ROMANIA

# CERTIFICAT DE NAŞTERE

CERTIFICAT DE NAISSANCE / BIRTH CERTIFICATE

Seria   NV   Nr. 152685
Serie/Series     No/Nmb

**DATE PRIVIND COPILUL**
Dates concernant l'enfant/
Data concerning the child

Cod Numeric Personal
Code personnel/Personal number   | 2 | 9 | 4 | 0 | 4 | 1 | 2 | 2 | 6 | 1 | 3 | 1 | 1 |
                                  | S | A | A | L | L | Z | Z | N | N | N | N | N | C |

| | |
|---|---|
| Numele de familie<br>Nom/Surname | ZVUNCA |
| Prenumele<br>Prénom/First name | CRISTINA – LARISA |

| Sexul<br>Sexe/Sex | Femeiesc | Data naşterii<br>Date de naissance/Date of birth | Anul /Année/Year | Luna /Mois/Month | Ziua /Jour/Day |
|---|---|---|---|---|---|
| | | | 1994 | APRILIE | 12 |

| Locul naşterii<br>Lieu de naissance/<br>Place of birth | Localitatea /Localité/Place | Judeţul /Département/County |
|---|---|---|
| | SIGHISOARA | MUREŞ |

**DATE PRIVIND PARINTII** / Dates concernant les parents / Data concerning the parents

| TATAL<br>Père/Father | Numele de familie<br>Nom/Surname | ZVUNCA |
|---|---|---|
| | Prenumele<br>Prénom/First name | VASILE |
| MAMA<br>Mère/Mother | Numele de familie<br>Nom/Surname | ZVUNCA |
| | Prenumele<br>Prénom/First name | MARIA |

Act de naştere nr.       457              din       1 AUGUST 2005
Acte de naissance no./                          de/from
Birth document nmb.                                      Ziua /luna /anul /jour/ mois/ année/ day/ mnth/ year

înregistrat la:       SIGHISOARA                       MUREŞ
enregistré à/                (Localitatea/Ambasada/Consulatul)        (Judeţul /Département/County)
registered at/              (Localité/Ambassade/consulat/Place/Embassy/Consulate)

Mentiuni/Mentions

(L.S.)                    **Semnatura**
                         Signature/Signature

liberat de  PRIMARIA MUNICIPIULUI SIGHISOARA        Data   2 0 0 6 0 8 2 8
délivré par/issued by                                       Date/Date   A A A A L L Z Z

Exhibit A