IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VASILE ZVUNCA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MOTOR COACH INDUSTRIES INTERNATIONAL, INC., et al., <br><br> Defendants. | No. 08 C 4507 <br><br> Judge Harry D. Leinenweber <br> Magistrate Judge Jeffrey Cole |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Defendants, Clancy & Stevens and Jeanine L. Stevens, respectfully submit this memorandum of law in support of their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### The Allegations of the Amended Complaint[1]

Plaintiffs Vasile and Maria Zvunca are Romanian citizens domiciled in Romania. (p. 2, ¶ 1.) In January 2002 their daughter, Claudia Zvunca, was fatally injured by a bus in Colorado. (p. 4, ¶ 1.) Claudia was survived by her minor daughter, Cristina Zvunca, whom Vasile and Maria thereafter adopted. (p. 2, ¶ 1.)

Vasile and Maria retained a law firm (not identified in the Amended Complaint) to "represent their interests and those of their late daughter." (p. 4, ¶ 3.) Thereafter, they allegedly retained the defendant law firm, Clancy & Stevens, with defendant Jeanine Stevens as the attorney primarily responsible. (*Id.*) Ms. Stevens allegedly told Vasile and Maria that they could

---

[1] On August 15, 2008, the movants filed a motion to dismiss under Rule 12(b)(1) on account of the original complaint's deficiencies in pleading subject matter jurisdiction. Plaintiffs thereupon sought leave to file an amended complaint, which the Court allowed, and the movants were permitted to withdraw their motion to dismiss without prejudice.

12609

not act as administrator for Claudia's estate and "induced" them to "accept" defendant John Cushing as administrator. (p. 4, ¶ 4.) Mr. Cushing engaged Clancy & Stevens to act as counsel for Claudia's estate. (p. 4, ¶ 5.)

A lawsuit was filed in the Circuit Court of Cook County against the manufacturer and the operator of the bus. (p. 4, ¶ 3.)[2]

Vasile and Maria thereafter purported to discharge Clancy & Stevens. (p. 4, ¶ 5.) Clancy & Stevens "declined to accept the dismissal," contending that only Mr. Cushing had such authority. (*Id.*)

The claims asserted in the Amended Complaint are purportedly brought by Vasile and Maria "individually" as well as on behalf of their adopted daughter, Cristina.

I.      **Count III Fails to State a Claim for Fraud**

Count III purports to assert a claim for fraud against Clancy & Stevens, Ms. Stevens, and two other defendants. Without specifying which defendant engaged in which particular acts of purported wrongdoing, plaintiffs assert against the four named defendants that they: (i) held themselves out as direct parties in the "underlying lawsuit" or as controlling the settlement of that lawsuit, (ii) made unspecified statements that were "false and perjured," (iii) continued the lawsuit against the wishes of their former clients, (iv) disclosed to unspecified persons unspecified "medical, school, and psychiatric information" relating to Cristina without obtaining Cristina's "consent," and (v) attempted to settle Cristina's "cause of action" without her consent or the consent of her parents. (Count III, ¶ 3.)

Vasile and Maria, individually, have failed to state a claim for fraud because they allege no injury resulting from reliance on a false statement of fact by Clancy & Stevens or Ms.

---

[2]     The Amended Complaint does not indicate on whose behalf this lawsuit was filed or what causes of action were asserted.

Stevens. *See Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496, 675 N.E.2d 584, 591 (1996) (setting forth elements of claim for common law fraud). Such matters are required to be pled "with particularity." FED. R. CIV. P. 9(b). While the Amended Complaint alleges that Vasile and Maria are "being forced to expend their own monies" to "protect their rights" (Count III, ¶ 3), no allegation is made as to what those purported expenditures are or as to how those expenditures were proximately caused by reliance on false statements by the defendants.

Furthermore, a claim of fraud against multiple defendants that does not "inform each defendant of the nature of his alleged participation in the fraud" is deficient under Rule 9(b). *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 778 (7th Cir. 1994); *Ackerman v. Northwestern Mutual Life Insurance Co.*, 172 F.3d 467, 471 (7th Cir. 1999) (a complaint alleging fraud must specify "*which defendants* said what to whom and when") (emphasis added).

Vasile and Maria also have failed to make out a claim for fraud on behalf of Cristina. As the Amended Complaint alleges no statements of any sort by any defendant to Cristina (let alone false statements of material fact), Cristina can have no claim for fraud. *See Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496, 675 N.E.2d 584, 591 (1996).

## II.   Count IV Fails to State a Claim for Legal Malpractice

In Count IV plaintiffs allege that Clancy & Stevens, Ms. Stevens, and two other defendants committed legal malpractice by: (i) refusing to withdraw upon request, (ii) refusing to "[r]efrain from acting contrary to the best interests and instructions of their former clients," and (iii) refusing to "[r]efrain from continuing to act as if they had authority to control and dispose of the cause of action properly belonging to their former clients." (Count IV, ¶ 4.)

As the Amended Complaint makes clear, Clancy & Stevens was engaged as counsel for the administrator of Claudia's estate. Only the administrator or representative of a decedent's

estate has authority to maintain a wrongful death action belonging to a next of kin or a survival action belonging to the decedent, *Will v. Northwestern University*, 378 Ill. App. 3d 280, 289, 881 N.E.2d 481, 492 (1st Dist. 2007), and only the administrator or representative has authority to control that litigation, *Mio v. Alberto-Culver Co.*, 306 Ill. App. 3d 822, 826, 715 N.E.2d 309, 312 (2d Dist. 1999). None of the plaintiffs has the power to discharge counsel for the administrator of Claudia's estate.

Furthermore, plaintiffs allege no negligent act or omission; nor do they allege how they have suffered any injury as a result of such act or omission. Both are required elements of a claim for legal malpractice. *McLane v. Russell*, 131 Ill. 2d 509, 514-15, 546 N.E.2d 499, 502 (1989); *Wolfe v. Wolf*, 375 Ill. App. 3d 702, 709, 874 N.E.2d 582, 587 (1st Dist. 2007).

**III.    Count V Fails to State a Claim for Intentional Infliction of Emotional Distress**

Count V alleges that Ms. Stevens allowed Cristina to reside with her and, during that time, mistreated Cristina in the following respects:

(a)    was "physically and emotionally abusive" to Cristina;

(b)    treated Cristina "harshly;"

(c)    "abandoned" Cristina for "long periods of time;" and

(d)    provided Cristina with inadequate and improper food and a "complete and utter lack of care."

Vasile and Maria, individually, have no claim of intentional infliction of emotional distress, as they have made no allegation of any purportedly wrongful acts directed to them.

Vasile and Maria also have failed to make out a legally sufficient claim on behalf of Cristina. Only conduct that is "extreme and outrageous" can form a basis for a claim of intentional infliction of emotional distress. *Doe v. Calumet City*, 161 Ill. 2d 374, 641 N.E.2d 498 (1994). The conduct must be "so outrageous in character and so extreme in degree, as to go

beyond all possible bounds of decency." *Thomas v. Fuerst*, 345 Ill. App. 3d 929, 935, 803 N.E.2d 619, 625 (1st Dist. 2004). The allegations of Count V are pled merely in the form of conclusions and provide no predicate for concluding that Ms. Stevens engaged in any conduct that was "extreme and outrageous."

### IV. Count IX Fails to State a Claim Under Section 1983

In Count IX plaintiffs allege that all of the defendants "are violating, under color of State law," plaintiffs' rights under 42 U.S.C. § 1983. Plaintiffs request that the defendants be enjoined from taking any further action in unspecified "State Court proceedings" to settle claims purportedly belonging to plaintiffs.[3]

The pleading requirements of a claim under section 1983 are as follows:

> To state a claim under section 1983, a plaintiff must allege two elements: (1) the alleged conduct was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Doe v. Smith*, 470 F.3d 331, 338 (7th Cir. 2006). Plaintiffs allege neither element.

Plaintiffs do not allege any conduct by Clancy & Stevens or Ms. Stevens acting under color of state law. The Complaint alleges that Vasile and Maria engaged Clancy & Stevens to "represent their interests and those of their late daughter." (p. 4, ¶ 3.) The Complaint also sets forth that Clancy & Stevens was engaged by the administrator of Claudia's estate. (p. 4, ¶ 5.) Actions taken by the movants either in connection with representing plaintiffs or in connection with representing the administrator of the estate do not constitute conduct under color of state law. As a matter of law, acting as an attorney for a party in a court proceeding (whether court-appointed or privately-retained) is not acting under color of state law for purposes of section

---

[3] As noted at pages 3-4, neither a wrongful death claim nor a survival action may be maintained by Vasile, Maria, or Cristina. Such actions may be maintained only by the administrator of Claudia's estate.

1983. *Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990); *Jackson v. Walsh*, No. 93 C 4692, 1993 U.S. Dist. LEXIS 11234, *2 (N.D. Ill. Aug. 12, 1993).

Plaintiffs also fail to identify any "rights, privileges, or immunities secured by the Constitution or laws of the United States" of which they have been deprived. *Cf., e.g., Doe v. Smith*, 470 F.3d 331, 338 (7th Cir. 2006) (allegation of denial of equal protection and substantive due process).

X.      **Count X Fails to State a Claim for Loss of Society**

In Count X Vasile and Maria assert individually that they are entitled to recover for the loss of society of Cristina on account of "interference" with the parent-child relationship. This cause of action does not exist under Illinois law. *See Doe v. McKay*, 183 Ill. 2d 272, 285, 700 N.E.2d 1018, 1025 (1998) (holding that no recovery may be had for "damages for lost society and companionship under theories of intentional interference with a family relationship").

**Conclusion**

For all the foregoing reasons, the Amended Complaint should be dismissed as to defendants Clancy & Stevens and Jeanine L. Stevens.

> Respectfully submitted,
>
> CLANCY & STEVENS and
> JEANINE L. STEVENS
>
>
> By: /s/ *David A. Eide*
>         One of Their Attorneys

Warren Lupel (#1708872)
David A. Eide (#6199184)
Lupel Weininger LLP
30 North LaSalle Street, Suite 3520
Chicago, Illinois 60602
(312) 260-7700
Dated:  August 29, 2008

12609                                                              - 6 -