IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VASILE ZVUNCA and MARIA ZVUNCA, Individually and as Next Friend of a Minor, CRISTINA ZVUNCA, <br><br> Plaintiffs, <br><br> v. <br><br> MOTOR COACH INDUSTRIES INTERNATIONAL, INC., a Delaware Corporation; GREYHOUND LINES, INC., a Delaware Corporation; WESLEY JAY TATUM; CLANCY & STEVENS, an Organization for the Practice of Law Organized Under Illinois Law; JEANINE L. STEVENS; MARINA E. AMMENDOLA; and F. JOHN CUSHING, <br><br> Defendants. | Case No. 08 C 4507 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

This case is presently before the Court on Motions to Dismiss plaintiffs' Second Amended Complaint. The Court had previously dismissed all but one count of Plaintiffs' First Amended Complaint, the sole surviving count being the minor Christina Zvunca's claim against the Defendant, Jeanine L. Stevens ("Defendant Stevens"), for intentional infliction of emotional distress. The Second Amended Complaint attempts to reassert malpractice claims, claims of fraud, and intentional infliction of emotional distress claim on behalf of the Plaintiffs against the Defendants, Clancy & Stevens

("Clancy & Stevens"), and the Defendant Stevens. For the reasons set forth in this opinion the Motions to Dismiss are granted, except for the emotional distress claim of Christina Zvunca.

## I. DISCUSSION

For the same reasons stated in the Court's previous opinion, the malpractice claims are dismissed. The alleged basis for the malpractice claims is the attorneys' failure to withdraw from representation of the minor Plaintiff in the state court case after being discharged by the elder Zvuncas. However, the attorneys were employed by the court-appointed administrator of the estate of the decedent, Claudia Zvunca, and the court appointed Guardian Ad Litem ("GAL") for the minor plaintiff, Cristina Zvunca. While the Complaint makes many serious allegations against the Defendant attorneys, the Plaintiffs have apparently made no effort to have the appointing court, the Circuit Court of Cook County, discharge the respective appointees. In the absence of such discharge by the Circuit Court, the Defendants have no right to withdraw. Their failure to withdraw in and of itself cannot constitute malpractice. The Probate Act of 1975 provides for the removal of such representatives on the petition of "any interested person," which the parents of the decedent and the grandparents of the minor plaintiff obviously qualify. 755 ILCS 5/23-2(a). Thus, any damages as a result of any alleged malpractice at this point in time are entirely speculative and will not accrue prior to the

entry of an adverse judgment, settlement, or dismissal. *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 703 N.E.2d 473 (Ill.App. 1 Dist., 1998).

For similar reasons, the counts alleging fraud against the law firm and attorney Jeanine Stevens must be dismissed. Since the Circuit Court of Cook County made the appointments of the Administrator and the Guardian Ad Litem that Court must make the decision to discharge them. As previously indicated, fraud is a valid reason for discharge. However, whether the appointments were procured through fraud is a decision for the Circuit Court, not this Court. The Administrator and the Guardian Ad Litem have no choice but to continue to represent the estate and the minor until relieved by the Circuit Court. The only "right" the Plaintiffs have is the right to petition the Circuit Court to have them removed pursuant to 755 ILCS 5/23-3. If the petition is disputed, it is necessary to have a hearing at which the petitioners have the burden of proof. *Heakea v. Verbe*, 343 Ill. 325 (1931). Furthermore, the validity of an appointment cannot be raised by collateral attack which is what the Plaintiffs appear to be attempting to do with this suit. *Wandschneider v. Wandschneider*, 282 Ill. 286, 292 (1917). The decision whether to hire or discharge an attorney is within the exclusive authority of the administrator and the guardian ad litem subject, of course, to the review and approval of the Circuit Court. *Ott v. Little Company of*

*Mary Hosp.*, 273 Ill.App.3d 563, 575-577 (Ill.App. 1 Dist., 1995). Furthermore, as officers of the court, attorneys who have entered their appearances in a court proceeding cannot simply walk away from a case. They must receive permission from the court to withdraw.

If this Court should proceed to determine that the appointments of the Administrator and the Guardian Ad litem were faulty because they were based on fraud committed by Clancy & Stevens as alleged by Plaintiffs, the Court would, in effect, be overruling the judgment of the Circuit Court of Cook County in making the appointments. The Court does not have jurisdiction to do so. This is the gist of the *Rooker-Feldman* doctrine. This principle has been affirmed by a whole host of cases in the Seventh Circuit. *See, Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996) and the cases cited.

Finally, Plaintiffs attempt to reapply their claim for loss of society of the minor as intentional infliction of emotional distress. However, Illinois has expressly not adopted such a tort where the basis of the tort is the interference with custody. *Whitehorse v. Critchfield*, 494 N.E.2d 743, 745 (Ill.App. 4th Dist., 1986). The Court had previously refused to dismiss the Intentional Infliction claim against Jeanine Stevens, however, the Plaintiffs have repleded this count against both Stevens and the Clancy & Stevens law firm. There are no allegations that the law firm

inflicted any harm on the minor Plaintiff.  Accordingly, the law firm is dismissed from Count IV.

## II. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. Dismisses Count III (Malpractice vs. Clancy & Stevens, and Stevens) of the Second Amended Complaint;

2. Dismisses Count IV (Intentional Infliction of Emotional Distress vs. Clancy & Stevens and Stevens) of the Second Amended Complaint as it pertains to Plaintiffs, Vasile Zvunca and Maria Zvunca and dismisses Count IV as it pertains to Clancy & Stevens;

3. Dismisses Count V (Fraud vs. Clancy & Stevens and Jeanine Stevens) of the Second Amended Complaint; and

4. Dismisses Count VI (Fraud vs. Jeanine Stevens) of the Second Amended Complaint.

The sole remaining count is Count IV (Intentional Infliction of Emotional Distress) of the minor Christina Zvunca.

**IT IS SO ORDERED.**

                                    Harry D. Leinenweber, Judge
                                    United States District Court

**DATE:** 6/4/2009